

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MOSTAFA KHAIRY**
*Assistant Corporation Counsel*
Phone: (212) 356-2105
Fax: (212) 356-3509
mkhairy@law.nyc.gov

January 21, 2022

**BY ECF**
Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Jessica Szabo a/k/a Jessica Graham v. City of New York, et al.,
      16-CV-3683 (EK) (LB)

Your Honor:

  I am the attorney in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants James Wilson, Dia Cascone, Paul Bartelotti, and Tarell Winfield ("City Defendants") in the above-referenced matter. City Defendants write: (1) in response to plaintiff's January 5, 2022 letter; and (2) to object to plaintiff's purported witness and exhibit lists submitted to the Court on January 18, 2022. *See* Civil Docket Sheet, Entry No. 154.

**I.** **Relevant Background**

  On December 2, 2021, a status conference was held with the parties in order to discuss outstanding pretrial matters in anticipation of the trial presently scheduled to commence on June 6, 2022. *See id.* at Entry No. 152. Importantly, at that conference, Your Honor ordered plaintiff to "file a witness list and statement of exhibits by January 7, 2022," as plaintiff had failed to do so in accordance with the Court's prior orders. *Id.* By letter dated January 5, 2022, plaintiff: (1) requested that this matter be "held in abeyance" until she is released from incarceration; and (2) provided purported witness and exhibit lists. *See id.* at Entry No. 154.

**II.** **Any Further Stay Would Prejudice the Defendants**

  Plaintiff's request that this matter be stayed until she is released from incarceration should be denied as any further delay in resolving this matter will unduly prejudice the defendants. This lawsuit was initiated in June 2016 and has been delayed several times due to

plaintiff's incarcerated status, criminal proceedings, appeals, and motion practice regarding her renege on the settlement with City defendants. The individual defendants in this matter have an interest in expeditiously reaching a resolution and putting this lawsuit behind them – which has gone on for five and a half years. City defendants have been diligent in moving this case forward. Moreover, plaintiff proffers no other reason, other than her incarcerated status, that warrants a stay in this case. Lastly, according to plaintiff's letter, her "sentence has been overturned," and, assuming that representation is correct, she should be released from incarceration soon. Accordingly, plaintiff has approximately five (5) months to prepare for the June 6, 2022 trial date. As such, City defendants request that the Court deny plaintiff's request to stay this matter.

**III.     Plaintiff's Witness List Should be Rejected in its Entirety**

In her January 5, 2022 letter, plaintiff provided her purported witness list which includes 113 anticipated witnesses whom plaintiff states will testify as to "all the facts and circumstances pertaining to all incidents from docket nos. 14-CV-5815 (EK) (LB) + 16-CV-3683 (EK) (LB), and any and all laws." For the reasons set forth herein, plaintiff's exhibit list should be rejected.

### A. Defendants Were Not on Notice of Plaintiff's Anticipated Witnesses

As a preliminary matter, plaintiff now, for the first time, is disclosing witnesses she plans to call to testify in her case in chief which were not previously disclosed, in blatant violation of Rules 26(a) and 37(c) of the Federal Rules of Civil Procedure ("FRCP"). Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Rule 37(c)(1) is "self-executing," and the exclusion of undisclosed information is automatic unless the non-disclosing party sustains its burden of showing that the failure to disclose was either substantially justified or harmless. *See Atkins v. County of Orange*, 372 F. Supp. 2d 377, 395 (S.D.N.Y. 2005) (citations omitted); *see*, *e.g.*, *Alfano v. National Geographic Channel*, No. 06-CV-3511 (NG) (JO), 2007 U.S. Dist. LEXIS 74674, 2007 WL 2982757 (E.D.N.Y. Oct. 5, 2007) (prohibiting testimony of witness not named in Rule 26 disclosures or supplemental disclosures during discovery); *Ehrlich v. Incorporated Village of Sea Cliff*, No. 04-CV-4025 (LDW) (AKT), 2007 U.S. Dist. LEXIS 40216, 2007 WL 1593223, *3 (E.D.N.Y. Jun. 1, 2007) (precluding testimony of witness not disclosed until "the eve of trial.").

Here, other than the thirteen (13) witnesses listed in plaintiff's witness list who are either defendants or former defendants in this action (witnesses numbered one (1) through thirteen (13)), plaintiff has not previously disclosed the additional 100 individuals identified in the witness list which she intends to call to testify. Thus, plaintiff's delayed identification of these individuals as potential witnesses severely prejudices the defendants in that they had no opportunity to depose them in this lawsuit. For this reason alone, plaintiff's exhibit list should be rejected in its entirety by the Court.

B.  The Action *Graham v. Matteo* is not the Subject of this Lawsuit or Trial

Plaintiff apparently misunderstands the scope of this lawsuit, and specifically, this trial, as 100 of the 113 witnesses listed in her witness list are defendants or former defendants in the entirely unrelated lawsuit, *Graham v. Matteo, et al.*, 14-CV-5815 (EK) (LB) (E.D.N.Y.). It is unclear why plaintiff choses now to conflate her two pending lawsuits given that this action and *Graham* arise from different incidents, which occurred in different locations, on different dates, and allegedly involved entirely different defendants. To be sure, none of the five (5) incidents that serve as the basis for the *Graham* lawsuit are the subject of this litigation, and none of the 100 defendants and former defendants listed in the exhibit list were present at the April 15, 2015 and April 16, 2015 incidents that *are* the subject of this lawsuit. Notwithstanding that plaintiff states that these witnesses can testify to the facts and circumstances of this case, these 100 witnesses are not competent to testify as to the facts and circumstances of *this* lawsuit as they lack personal knowledge of any of the facts. *See* Fed. R. Evid. ("FRE") 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). As such, to allow any of these 100 witnesses to testify would violate FRE 403 as the probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. *See* FRE 403.

IV.     **Plaintiff's Exhibits List Should be Rejected by the Court**

For substantially the same reasons, the Court should also reject plaintiff's exhibits list. In her January 5, 2022 letter, plaintiff states that she intends to use as exhibits at trial "all discovery from plaintiff and defendants in both matters docket nos 14-CV-5815 (EK) (LB) + 16-CV-3683 (EK) (LB)." As discussed *supra*, the Court should preclude plaintiff from using any discovery from the *Graham* action at trial in this case because both lawsuits involve entirely separate incidents, and none of the discovery there bears any relevance to the issues to be addressed at during the trial in *this* action. Moreover, to the extent that the Court only allows plaintiff to use discovery exchanged in *this* lawsuit, plaintiff intends to use "all discovery," without listing which documents she is referring to. However, "all discovery" in this matter is not permissible under the Federal Rules of Evidence, as plaintiff has not established how she intends to introduce certain exhibits at trial, through which witness she can properly lay foundation for, cure any hearsay, or even show certain discovery documents' relevance as required by Rule 403 of the FRE. Accordingly, plaintiff's purported exhibits list should be rejected in its entirety.

- 4 -

**V.     Conclusion**

    Therefore, for the reasons set forth herein, City defendants respectfully request that the Court: (1) deny plaintiff's request to hold this matter in abeyance; and (2) reject plaintiff's purported witness and exhibits list. City defendants thank the Court for its consideration herein.

                        Respectfully submitted,

                        *Mostafa Khairy* /s/
                        Mostafa Khairy
                        *Assistant Corporation Counsel*
                        Special Federal Litigation Division

cc:  Jessica Szabo a/k/a Jessica C. Graham (by U.S. Mail)
    SBI No. 417206D
    Edna Mhan Correctional Facility – Women
    P.O. Box 4004
    Clinton, New Jersey 08809
    *Plaintiff Pro Se*

    Jonathan B. Behrins (by ECF)
    The Behrins Law Firm
    *Attorney for State Defendant Parascandolo*