```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JESSICA SZABO,

                        Plaintiff,           MEMORANDUM & ORDER
                                             16-CV-3683(EK)(LB)

           -against-

 CITY OF NEW YORK, et al.,

                        Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Jessica Szabo, also known as Jessica Graham,[1] commenced this action on June 28, 2016. Proceeding *pro se*, she alleged that various New York City and State officials violated her civil rights over a multi-day period in April 2016, primarily by assaulting her while she was in custody. Compl. at 6-7, ECF No. 1.[2] On September 26, 2022, defendants James Wilson, Dia Cascone, Tarell Winfield, and Paul Bartelotti (the "City defendants") moved to dismiss the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[3] Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Br."), ECF No.

---

[1] The Court will refer to Plaintiff as Jessica Graham, as that is how she has referred to herself in recent filings. She is also proceeding under that name in another case before the undersigned: *Graham v. McCarthy*, 14-CV-5815 (EK)(LB).

[2] Page numbers in citations to record documents other than deposition transcripts and briefs refer to ECF pagination.

[3] The City of New York was terminated as a defendant on July 20, 2016. *See* Order dated July 20, 2016, ECF No. 5 at 5.

179. By that date, more than six years into the case, Graham had failed to respond to the Court's order to submit a change-of-address notice, missed three status conferences, and failed to submit certain pretrial filings. These failings occurred in the lead-up to a trial scheduled for October 3, 2022. During a hearing on September 28, 2022, I granted the motion to dismiss. This memorandum summarizes the reasons for that dismissal.

## I. Background

During a status conference on April 26, 2022, at which Graham and counsel for all defendants were present, I set trial for October 3, 2022. *See* Min. Entry for Status Conf. on Apr. 26, 2022, ECF No. 158. On August 22, 2022, in anticipation of trial, I issued an order scheduling a telephone status conference for September 12, 2022. *See* Order dated Aug. 22, 2022. In that order, I directed the appropriate official at the Edna Mahan Correctional Facility ("EMCF") in Clinton, New Jersey – Graham's last known address[4] – to make her available to participate by telephone at the conference. *See id.* On August 23, 2022, the Court learned that Graham was no longer at EMCF and was instead at the Essex County Correctional Facility in Newark, New Jersey.[5] Then, on September 2, 2022, the Essex

---

[4] *See* Pl.'s Letter dated Nov. 24, 2021, ECF. No. 151 at 1.

[5] First, an official at EMCF informed the Court that Graham had been transferred to the Union County Jail in Elizabeth, New Jersey. Then, upon

2

County Department of Corrections advised the Court that Graham had been released from custody on August 19, 2022. *See* Order dated Sept. 2, 2022. Accordingly, the Court directed Graham to submit a change-of-address notice "as soon as possible." *See id.* Despite this directive and a second order issued ten days later, Graham failed to notify the Court of her new address.[6] *See* Min. Entry for Status Conf. on Sept. 12, 2022, ECF No. 166.

Graham did not appear at the September 12, 2022 status conference or two subsequent status conferences. *See id.* (noting Graham's absence); Order by Magistrate Judge Cho dated Sept. 22, 2022 (same); Min. Entry for Status Conf. on Sept. 22, 2022, ECF No. 175 (same). These failures to appear came despite attempts by the Court and the City defendants' counsel to contact Graham at her last known cell phone number, email address, and residential address prior to incarceration to remind her of the scheduled proceedings. *See* Min. Entry for Status Conf. on Sept. 22, 2022, ECF No. 175; Defs.' Br. at 4-5.

---

contacting the Union County Jail, the Court learned that Graham had subsequently been transferred to the Essex County Correctional Facility.

[6] On September 28, 2022, the Clerk of the Court received a letter from Graham dated September 22, 2022 notifying the Court that she was being housed at Hudson County Correctional Facility in Kearny, New Jersey. *See* Pl.'s Letter dated September 22, 2022, ECF No. 183. The letter did not explain – and the Court is still not aware – how Graham came to be held there or what occurred between her release from EMCF on August 19, 2022, and her September 22, 2022 letter. In any event, the letter arrived after I had ordered the case dismissed during the September 28, 2022 status conference.

Further, Graham did not (1) submit motions *in limine* or (2) file her proposed *voir dire* questions, requests to charge, or proposed verdict sheet, as required by Rules V.A.1(l) and V.B.3 of this Court's Individual Rules and Practices. These filings were due on September 6 and September 27, 2022, respectively. *See* Order dated Sept. 2, 2022; Min. Entry for Status Conf. on Sept. 22, 2022, ECF No. 175.

Graham's recent unexplained absence from this case was not the first. On October 28, 2021, Brachah Goykadosh, former counsel for the City defendants, notified the Court that despite multiple attempts to contact Graham concerning a proposed joint pretrial order, Goykadosh had been unable to reach her. Defs.' Letter dated Oct. 28, 2021, ECF No. 148 at 2. Goykadosh further stated that she had "not had any contact with Ms. [Graham] for over a year." *Id.* Notably, this earlier period of silence from Graham occurred while the City defendants were attempting to enforce a putative settlement agreement to which the parties had agreed in principle in May 2020 before Graham backed away from it in July of that year.[7]

---

[7] *See* Order dated May 28, 2020 (noting agreement in principle); Order dated July 17, 2020 (noting Graham's apparent reversal); Defs.' Mot. to Enforce Settlement, ECF No. 136. During this time, Graham filed no opposition to the City defendants' motion to enforce the settlement even after the Court *sua sponte* granted her an extension when she missed the first deadline, which itself had been extended at Graham's request. *See* Orders dated Dec. 9, 2020; Jan. 28, 2021; Mar. 5, 2021. Despite Graham's failure to engage on this issue, the Court declined to enforce the alleged agreement against her. *See* Order dated Sept. 30, 2021, ECF No. 147.

In light of these developments and in reply to Goykadosh's letter, I issued an order advising that "if [Graham] continues to be unresponsive, Defendants may file their own version of the pretrial order" on the scheduled date. Order dated Nov. 2, 2021. In that order, I also warned Graham that "if she does not participate in the preparation of the joint pretrial order and appear at the pretrial conference [scheduled for November 22, 2021], the Court will consider dismissing the case for failure to prosecute." *Id.*

On November 4, 2021, Goykadosh informed the Court that Graham was incarcerated at EMCF. *See* Defs.' Letter dated Nov. 4, 2021, ECF No. 149 at 1. Upon receipt of this information, I issued an order relieving Graham of the obligation to submit a proposed pretrial order. *See* Order dated Nov. 17, 2021. From that point until June 2, 2022, Graham was in periodic communication with the Court, *see, e.g.*, Pl.'s Letter dated Jan. 28, 2022, ECF No. 157, and attended status conferences. *See* Min. Entry for Status Conf. on Dec. 2, 2021, ECF No. 152; Min. Entry for Status Conf. on Jan. 28, 2022, ECF No. 156; Min. Entry for Status Conf. on Apr. 26, 2022, ECF No. 158.

Yet by September 28, 2022, Graham had failed to meet her obligations in this case for more than a month — without explanation, as described above, and despite the impending trial. On this record, I dismissed the case pursuant to Rule

5

41(b) of the Federal Rules of Civil Procedure.  *See* Min. Entry for Status Conf. on Sept. 28, 2022, ECF No. 181.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptise v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[8]  When weighing dismissal pursuant to Rule 41(b), a court must consider "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Id.*  In general, no single factor is dispositive.  *Id.*

The standard for a Rule 41(b) dismissal – "the harshest of sanctions" – is especially high in the context of a *pro se* litigant's claim.  *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (the "decision to dismiss

---

[8] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations and internal quotation marks.

6

a *pro se* litigant's complaint [is warranted] only when the circumstances are sufficiently extreme"). When considering a dispositive motion made by or against a *pro se* litigant, courts generally afford the litigant "special solicitude." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). Nevertheless, "all litigants, including *pro se*s, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988); *see also Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672 (2d Cir. 2012) (*pro se* litigants still must "attempt to comply with procedural rules, especially when they can be understood without legal training and experience").

### III. Discussion

Weighing the Rule 41(b) dismissal factors, dismissal is clearly appropriate in this case. Indeed, all five factors favor dismissal.

A. **Duration of Graham's Failure to Prosecute**

Under the circumstances, Graham's delay was significant. Forty days passed between her release from custody on August 19, 2022 and the status conference on September 28, 2022. Throughout this period, Graham failed to file a change-of-address notice despite her obligation to do so. All plaintiffs, whether represented or proceeding *pro se*, are

7

"obligated to notify the court when [they] change[] addresses." *Canario-Duran v. Borecky*, No. 10-CV-1736, 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011).  Unlike many procedural requirements, this requirement does not require any specialized knowledge or training to understand.  *See Yadav*, 487 App'x at 672.  Indeed, Graham had previously filed change-of-address notices on eight occasions in this case.[9]  *See*, Pl.'s Notices of Change of Address, ECF Nos. 16, 54, 66, 81, 108, 117, 118, 151.  Moreover, I twice directed her to submit such a notice on the docket.  *See* Order dated Sept. 2, 2022; Min. Entry for Status Conf. on Sept. 12, 2022, ECF No. 166.  Courts have repeatedly held that a plaintiff's "failure to maintain [] an address with the Court" is a sufficient ground to dismiss for failure to prosecute.  *Pratt v. Behari*, No. 11-CV-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (warning a plaintiff released from custody that absent updated address information, his case would be dismissed for failure to prosecute, and citing cases).

Although a lapse of forty days may be rectified relatively easily in certain contexts, the instant hiatus occurred during the crucial period preceding trial, which was

---

[9] It bears noting that Graham is a serial filer in this District.  When Graham first commenced this action on June 28, 2016, it marked the tenth action she had filed in the Eastern District of New York since October 2, 2014.  *See* Order dated July 20, 2016, ECF No. 5, at 1.  On April 30, 2015, she was permanently enjoined and restrained from filing any new *in forma pauperis* actions in this District without leave of the Court.  *Id.*

scheduled for October 3, 2022. During this period, in addition to failing to notify the Court of her new address, Graham was absent from three status conferences and missed several pretrial filing deadlines. *See supra*. The resulting uncertainty left the defendants to wonder whether the trial for which they were assiduously preparing would go forward as planned.

Moreover, there is no question that Graham knew of the impending trial date; she had been on notice of it since April 26, 2022. *See* Min. Entry for Status Conf. on Apr. 26, 2022, ECF No. 158. Still, on the eve of trial, Graham was repeatedly absent from court. *See Lewis v. Rawson*, 564 F.3d 569, 580 (2d Cir. 2009) ("It is beyond dispute under our precedent that a district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."). Accordingly, this factor favors dismissal.

B.  **Notice to Graham That Further Delays Would Lead to Dismissal**

The Court notified Graham three times in writing that failure to prosecute the case could result in dismissal. The Second Circuit has recognized that "[d]ismissal of a *pro se* litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *see also Yadav*, 487 F. App'x at 673 (holding that three verbal

9

warnings constituted "ample notice"). Graham first received notice that dismissal was a potential sanction on November 2, 2021. *See* Order dated Nov. 2, 2021 (warning that "the Court will consider dismissing the case for failure to prosecute"). The Court gave the same notice again nearly a year later on September 12, 2022. *See* Min. Entry for Status Conf. on Sept. 12, 2022, ECF No. 166 ("Plaintiff is again directed to notify the Court of her change of address; otherwise, this case may be dismissed for failure to prosecute."). The Court issued a third warning on September 22, 2022. *See* Order by Magistrate Judge Cho dated Sept. 22, 2022 (warning that "continued noncompliance with Court orders may result in . . . this case be[ing] dismissed for failure to prosecute and failure to comply with court orders"). Further, both the Court and the City defendants' counsel made substantial – though unsuccessful – efforts to contact Graham by phone, email, and mail based on her last known contact information. *See, e.g.*, *id.*; Defs.' Br. 8-9. For these reasons, this factor weighs heavily in favor of dismissal.

   C.   **Potential Prejudice of Further Delay to Defendants**

Further delay in this case would cause substantial prejudice to the defendants. The prospect of a federal trial involving allegations of serious professional misconduct is a heavy weight for a person to bear for any period of time, let

10

alone more than six years. Moreover, a decision to afford Graham additional accommodations would have required rescheduling the trial just days before it was set to commence and after prospective jurors had already been summoned. *See Lewis*, 564 F.3d at 580 (noting that dismissal is appropriate when "the plaintiff, without offering some explanation that is satisfactory to the court, is not ready to present his or her case at trial"). Based on Graham's track record to date, the defendants would have had no assurance that Graham would reliably prosecute the case to a new trial date, leaving them to carry their burden into an uncertain new phase. Moreover, given the backlog on the Court's trial calendar (as discussed in the next section), a rescheduled trial would not have occurred for many months at least.

The defendants have already expended substantial time and money defending against Graham's allegations. Prior to my order dismissing this case on September 28, 2022, the City defendants' counsel had been preparing for a trial slated to begin the following week. If trial had been rescheduled at the last minute, their efforts at preparation would have needed to be repeated – at least in part – at some future date, rendering the previous expense of time wasted. *See Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020), *R. & R. adopted*, No. 19-CV-873, 2020 WL 2836785 (E.D.N.Y.

11

June 1, 2020) (further delay would cause prejudice "in the form of wasted time and resources"). And because memories fade and witnesses disperse, their task would only have been more difficult the second time. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult").

Based on the substantial costs that the defendants and their counsel would have suffered from further delay, this factor strongly favors dismissal.

D. **Need to Balance Court's Resources with Graham's Rights**

On the whole, the Court's need to conserve resources outweighs Graham's right to continue this case. Despite having had ample opportunity to be heard during the course of this six-year litigation, Graham failed to comply with court orders and ultimately went silent at two critical junctures: first, after a dispute arose concerning the existence of an agreement in principle to settle her claims, and second, just before a jury was set to hear her case. *See supra* Section II. While Graham is owed "special solicitude" as a *pro se* litigant, her rights here are not unlimited. *See Yadav*, 487 F. App'x at 672-73 (affirming dismissal of *pro se* action where plaintiff repeatedly

failed to meet discovery obligations and received warnings that continued noncompliance could result in dismissal).

On the other hand, time on the Court's trial calendar is at a premium at the moment. Since resuming in-person operations following the onset of the COVID-19 pandemic, this District has faced a densely populated trial calendar. The undersigned, like other judges in this District, has multiple trials scheduled for the same day – in the event that the primary trial cannot go forward – at repeated intervals over the next year. As a result, it would have been very difficult to find a new trial date for this case in the near future. Thus, this factor also favors dismissal.

### E.   Efficacy of Imposing Lesser Sanctions

Finally, there is no basis to conclude that a lesser sanction would have been effective here. Graham has repeatedly failed to comply with Court orders over the course of this litigation and has twice had unexplained absences at key moments. *See supra* Section II. Moreover, her *in forma pauperis* status suggests that she would be unable to afford a monetary sanction. This factor, too, supports dismissal. *See Wilson v. Doe 1-4*, No. 21-CV-5170, 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (finding that this factor favored dismissal in a case involving similar considerations).

13

## IV. Conclusion

Because all five factors support dismissal, Graham's action is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   October 19, 2022
         Brooklyn, New York